IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3248-FL

| | | |
|---|---|---|
| MARTINEZ ORLANDIS BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMANDA HARRIS, RONNIE CHAVIS, TEON BLUE, CHRISTOPHER QUICK, JERRY INGRAM JR., LT. LOCKLEAR, RONALD REESE, SGT. SIMS, OMAR JONES, SGT. WILEY, UNKNOWN INFRACTION REPORT INVESTIGATOR, JERMAINE BURNS, DEAN LOCKLEAR, UNKNOWN GRIEVANCE OFFICER, BYRON T. HARRIS, TODD ISHEE, NC DAC, and OFFICER BARNES, | ) | |
| | ) | |
| Defendants.[1] | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on August 28, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to amend the complaint (DE 4, 10, 13, 16), to withdraw previously filed motion to amend and proceed with original complaint (DE 15), to request/compel discovery (DE 9), and to amend interrogatories and compel production of documents/requests for admission (DE 11).

---

[1] The court constructively amends the case caption to reflect the defendants named in plaintiff's operative amended complaint (DE 16).

## COURT'S DISCUSSION

The court begins with plaintiff's various motions. As for the motions to amend the complaint, plaintiff indicates that his most recently filed amended complaint (DE 16, the "operative amended complaint") is his "last and final" version of the complaint that contains all the claims he plans to pursue in this action. (See DE 16-2). The court also reviewed the operative amended complaint (DE 16) against the previously filed motions to amend (DE 4, 10, 13) and confirmed that all claims not expressly abandoned are included in the operative amended complaint (DE 16). And plaintiff expressly withdraws any additional claims in the amended complaint at docket entry 10. (DE 15). Accordingly, the court will grant plaintiff's most recent motion to amend (DE 16) and deny as moot the remaining motions to amend (DE 4, 10, 13). See Fed. R. Civ. P. 15(a)(1). The court also grants the motion to withdraw previously filed motion to amend (DE 15) to the extent plaintiff is abandoning additional claims not raised in the operative amended complaint.

Plaintiff also has filed two motions seeking discovery from defendants (DE 9, 11). These motions are premature where the court has not completed its initial review of this action, and defendants therefore have not been served with the complaint. For the claims that survive initial review, plaintiff should wait until defendants file answer to the complaint and the court enters case management order providing period for discovery before serving his discovery requests. See Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 26(d)(1). Finally, plaintiff must serve discovery requests by mailing them to defendants' counsel. See Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 33(a)(1); Fed. R. Civ. P. 36(a)(1). Going forward, plaintiff should not file his discovery requests on the court's docket.

Turning to the initial review of this action, § 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Here, plaintiff alleges sufficient facts to state an Eighth Amendment claim premised on excessive use of force against defendants Amanda Harris, Ronnie Chavis, Teon Blue, Christopher Quick, Ronald Reese, Omar Jones, Sgt. Wiley, and officer Barnes.[2] See Dean v. Jones, 984 F.3d 295, 302–03 (4th Cir. 2021). The related claims for supervisory liability against defendants Dean Locklear, Jerry Ingram, Jr., lieutenant Locklear, and Sgt. Sims also survive initial review. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

The remaining claims must be dismissed. The allegation that defendant unknown grievance officer withheld grievances until the deadline for filing same expired is without merit. Plaintiff does not have a "constitutional entitlement or due process interest in access to a grievance procedure" and he therefore "cannot bring a § 1983 claim alleging denial of a specific grievance process." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017).[3]

Plaintiff also asserts that the disciplinary proceeding which he was charged with assaulting officers were unfair. The Due Process Clause of the Fourteenth Amendment mandates several

---

[2] Plaintiff names "officer Barnes" as a defendant in the caption of the complaint, but does not include him in the section listing the defendants and their addresses. But where plaintiff offers specific factual allegations against defendant Barnes in his statement of claim (DE 16 ¶ V), the court will construe the complaint as asserting claim against defendant Barnes.

[3] However, in the event defendants assert that plaintiff failed to exhaust administrative remedies before filing suit, as required under 42 U.S.C. 1997e(a), plaintiff may raise this issue in the context of litigating the administrative exhaustion defense. See Ross v. Blake, 578 U.S. 632, 642–43 (2016) (discussing exception to exhaustion requirement when administrative remedies are unavailable, including where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

4

procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of a protected liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974). Under the Wolff standard, an inmate is entitled to the following: 1) written notice of the charges at least 24 hours in advance of the hearing; 2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and 3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564–66; see also Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019). Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Finally, the disciplinary decision must be made by an impartial adjudicator. Wolff, 418 U.S. at 570–71. Where plaintiff fails to allege the foregoing elements, his claims challenging the disciplinary procedures or investigation are without merit.

The court also dismisses the individual capacity claims against defendants Jermaine Burns and Todd Ishee. Plaintiff does not offer factual allegations explaining how these defendants violated his constitutional rights. See Iqbal, 556 U.S. at 678. Moreover, respondeat superior liability is unavailable under § 1983, and thus the fact that defendant Ishee is the director of prisons does not standing alone establish his personal responsibility for the alleged violations. See Iqbal, 556 U.S. at 676; Monell, 436 U.S. at 691–92.

Finally, any claims against state officials in their official capacities, or against the North Carolina Department of Adult Correction must be dismissed. Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent."

5

Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). And neither States, state officials acting in their official capacities, nor state agencies are "persons" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, these claims are barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995).[4]

**CONCLUSION**

Based on the foregoing, plaintiff's most recent motion to amend the complaint (DE 16) is GRANTED and the clerk is DIRECTED to modify the docket to reflect that docket entry 16 is the operative amended complaint in this action. In addition, the clerk is DIRECTED to amend the docket caption to correspond to the caption of this order. Any claims against defendants not identified in the operative amended complaint are DISMISSED without prejudice. Plaintiff's remaining motions to amend or take discovery (DE 4, 9, 10, 11, 13) are DENIED, and plaintiff's motion to withdraw amended complaint (DE 15) is GRANTED to the extent plaintiff withdraws his additional claims in the amended complaint at docket entry 10.

Plaintiff is ALLOWED to proceed with his Eighth Amendment claims alleging excessive use of force against defendants Amanda Harris, Ronnie Chavis, Teon Blue, Christopher Quick, Ronald Reese, Omar Jones, Sgt. Wiley, and officer Barnes, and the related supervisory liability claims against defendants Dean Locklear, Jerry Ingram, Jr., lieutenant Locklear, and Sgt. Sims. All remaining claims and defendants in the operative amended complaint are dismissed pursuant

---

[4] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).

6

to 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d). Defendants are DIRECTED to preserve all relevant video evidence of the excessive force incident alleged in the complaint.

SO ORDERED, this the 6th day of March, 2024.

                                          LOUISE W. FLANAGAN
                                          United States District Judge